1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  WILLIAM OWTEN, | ) Case No.: 1:15-cv-01399-JLT |
| 12          Petitioner, | )<br>) FINDINGS AND RECOMMENDATIONS TO |
| 13      v. | ) DISMISS PETITION FOR LACK OF<br>) JURISDICTION |
| 14  DANIEL PARAMO, Warden, | )<br>) ORDER DIRECTING THAT OBJECTIONS BE |
| 15          Respondent. | ) FILED WITHIN TWENTY-ONE DAYS |
| 16 | )<br>) ORDER DIRECTING CLERK OF COURT TO |
| 17 | ) ASSIGN DISTRICT JUDGE TO CASE |

18        In 1992, Petitioner was convicted of three counts of committing lewd or lascivious acts on a

19 child and sentenced to nine years in prison.  In 2011, Petitioner was convicted of a number of crimes

20 and sentenced under the Three Strikes Law which relied upon the 1992 convictions.  In this action,

21 Petitioner argues the Three Strikes Law should not have been applied to him because, he claims, his

22 1992 convictions should have constituted only one strike.  Because the Court finds Petitioner is no

23 longer "in custody" for purposes of this petition, it is **DENIED**.

24                    **PROCEDURAL HISTORY**

25        In 1992, Petitioner suffered convictions of three counts of committing lewd or lascivious acts on

26 a child.  (Doc. 1, p. 1).  His direct appeal ended when his petition for review was denied in the

27

28

1

1  California Supreme Court on January 19, 1994.[1]

2       In 2011, Petitioner was convicted in the Kern County Superior Court of assault with a deadly

3  weapon (not a firearm) on a peace officer or fireman, obstructing or resisting an executive officer,

4  assault with force likely to produce great bodily injury, and sentenced to a term of 25-years-to-life.  The

5  sentence was enhanced by the 1992 convictions under California's Three Strikes law.[2]  Petitioner

6  appealed this conviction to the 5th DCA, which rejected his appeal.  He received a similar result after

7  filing a petition for review in the California Supreme Court.

8       Though Petitioner does not expressly allege it, it appears here that Petitioner is challenging his

9  three 1992 convictions on the grounds that they did not constitute three separate qualifying felonies for

10  purposes of the Three Strikes law, thus precluding the enhanced sentence he received in his 2012

11  conviction.  Petitioner's claim, however, is barred from federal review by Lackawanna County Dist.

12  Attorney v. Coss, 532 U.S. 394 (2001).  In Lackawanna, the U.S. Supreme Court considered whether a

13  § 2254 habeas petitioner could collaterally attack an earlier state conviction used to enhance the

14  sentence for a later state conviction.  The Court ruled that such a petitioner satisfies the "in custody"

15  requirement if, although no longer serving the sentences imposed for the first state convictions, the

16  petitioner was serving the sentences enhanced by the first convictions.  Id. at 402-403.

17       The Court then turned to the central question of the appeal, and held that if a prior conviction is

18  no longer open to federal review, then the defendant cannot collaterally attack the prior conviction

19  through a § 2254 petition:

20      "...[W]e hold that once a state conviction is no longer open to direct or collateral attach in its

21  own right because the defendant failed to pursue those remedies while they were available (or

22  because the defendant did so unsuccessfully), the conviction may be regarded as conclusively

valid. [Citation.] If that conviction is later used to enhance a criminal sentence, the defendant

23  _____

24     [1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333

25  (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial

26  Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

27     [2] Petitioner alleges that his 2012 sentence is 100 years to life plus eight years.  (Doc. 1, p. 4).  The 25 years to life sentence was taken directly from the California courts' website.  The discrepancy, however, is irrelevant to the

28  Lackawanna analysis.

2

generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."

Id. at 403-404.  The Supreme Court recognized two possible exceptions to the Lackawanna bar: 1) if the defendant challenges an enhanced sentence on the grounds that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment; and 2) if the defendant obtains compelling evidence that he is actually innocent of the crime for which he was convicted, and could not have uncovered such evidence in a timely manner.  Id. at 405.

Here, a direct challenge to the 1992 conviction would be barred by the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2244(d)(1).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.[3]  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA.  The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1).  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998);  Calderon v. United States Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998).   In such circumstances, the limitations period would begin to run on April 25, 1996, and it would expire on April 24, 1997.  Patterson v. Stewart, 2001 WL 575465 (9th Cir. Ariz.).

Here, Petitioner's direct review would have concluded on April 19, 1994, when the ninety day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345,

---

[3] The petition here was filed on September 16, 2015 and is, therefore, is subject the AEDPA.

3

347 (8th Cir.1998).  However, because direct review would have concluded prior to the enactment of the AEDPA, Petitioner's one-year period began to run on April 25, 1996, and expired one year later on April 24, 1997. <u>Patterson v. Stewart</u>, 2001 WL 575465 (9th Cir. Ariz.).

Thus, the 1992 conviction is no longer open to <u>direct</u> federal review and therefore <u>Lackawanna</u> is applicable. <u>Id</u>.  As the United States Supreme Court noted, "[t]hese vehicles for review...are not available indefinitely and without limitation."  <u>Lackawanna</u>, 532 U.S. at 402-403.  Petitioner has waited over ten years to challenge his 1992 conviction.  Indeed, it appears that the <u>only</u> reason he has acted at all with respect to the prior convictions was Petitioner's 2012 conviction for which the 1992 convictions were used as an enhancement.

Moreover, Petitioner does not allege any facts that would qualify him for an exception to the <u>Lackawanna</u> bar.  Petitioner does not assert that the basis for the unconstitutional conviction in 1992 was the court's failure to appoint counsel, nor does he demonstrate that he is actually innocent of the 1992 crimes for which he was convicted.  Accordingly, Petitioner meets neither exception to the <u>Lackawanna</u> bar. <u>Id</u>.  Thus, federal habeas review of the 1992 state court conviction is barred.  For these reasons, the Court recommends that the instant petition be dismissed.

## **ORDER**

The Clerk of the Court is DIRECTED to assign a district judge to this case.

## **RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DISMISSED** for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed **within ten days** (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   <u>**September 23, 2015**</u>     <u>**/s/ Jennifer L. Thurston**</u>

                                           UNITED STATES MAGISTRATE JUDGE